SIMON, Justice.
A writ of certiorari addressed to the Court of Appeal of the Parish of Orleans brings to us this damage suit which involves primarily the question of fact whether a motorist, who, proceeding on a right-of-way street, met with an accident at an intersection where traffic is controlled by a stop sign, was contributorily negligent such as would bar recovery for damages to property and for personal injuries incurred by him as a result of the collision.
This suit was filed by Samuel L. Steele, Sr., individually and for the use and benefit of his minor son, Samuel L. Steele, Jr., against Mrs. Vera C. Jennings, wife of, and Joseph C. Jennings and their insurer, State Farm Mutual Insurance Company, for damages resulting from the subject automobile collision between two 1953 two-door Chevrolets driven by Steele, Jr., and Mrs. Jennings.
The primary issue presented to the trial court was evolved in favor of plaintiff, absolving the minor from the charge of contributory negligence imposed by defendants, and accordingly the trial court rendered judgment in favor of plaintiff and against the defendants, jointly and in solido in the sum of $6,550, with legal interest from date of judicial demand, and for all costs.
The court of appeal reversed the judgment of the district court and dismissed plaintiff’s suit, holding Steele, Jr., to be guilty of negligence and which negligence was the sole and proximate cause of the accident. In the absence of a reconventional demand by the defendants, no judgment was or could be rendered in defendants’ favor.
*567 The record discloses that the automobile accident which gives rise to this suit occurred on April 2, 1955 at about 1:50 o’clock a. m. at the intersection of 5th Street and Avenue B in Marrero, Louisiana. Both streets are black topped and intersect at right angles. Avenue B is the right-of-way street; and 5th Street is the subordinated street, its traffic controlled by a stop sign.
At the time of the accident plaintiff’s car, operated by his 16 year old son, was proceeding south on Avenue B; defendants’ car was being driven by Mrs. Vera C. Jennings in an easterly direction on 5th Street. The headlights of both vehicles were on. Steele, Jr., was a resident of this neighborhood and he knew that stop signs were posted on the streets that intersected Avenue B. Both motorists were on their respective ways home. Mrs. Jennings was returning to her home after having taken a babysitter home, and upon entering upon 5th Street she crossed a number of intersecting streets before she came to Avenue B, at all of which were posted stop signs.
Steele, Jr., had taken his girl friend home and was proceeding to his home at 1224 Avenue B. Prior to entering upon Avenue B he had been driving on 4th Street, or U. S. Highway 90, for about a mile and a half. Upon reaching Avenue B he turned left thereon and, after driving one block after his turn off 4th Street, met with this accident at the intersection of Avenue B and 5th Street. In the earlier part of the evening Mrs. Jennings had visited the home of friends and had partaken of one or two alcoholic cocktails. Steele, Jr., • had spent the evening dancing at a local cocktail lounge and had drunk a half bottle of beer. His girl friend did not drink anything. Neither of the drivers was under the influence of alcohol at the time of the accident and there is no question as to the state of sobriety of either.
Both motorists were injured and rendered unconscious. Steele, Jr., regained consciousness and, in spite of his injuries, was able to perambulate to the street scene; Mrs. Jennings was thrown from her car unconscious but regained consciousness before both motorists were removed from the scene of the accident in hospital ambulances. Each charges that the accident was caused solely by and through the negligence of the other. The defendants alternatively plead contributory negligence. Each vehicle was occupied only by its driver, and consequently the manner in which the accident occurred is restricted to the testimony of the drivers coupled with physical evidence such as the resulting damage to the respective vehicles and to other property.
Young Steele was not present at the trial but his deposition was taken by consent and in the presence of both counsel for the parties herein, without the issuance of any formal notice or other formal requirement. He testified that at the time of the accident he was driving at a rate of speed of from *569 15-20 miles an hour in about the middle of the roadway of Avenue B. While so proceeding and upon reaching about the middle of the intersection of 5th Street he saw the headlights of the defendants’ car. This observation was made when the defendants’ car was approximately 6 or 7 feet from him toward his right. As soon as he was aware of the' presence of her car he endeavored to turn sharply left and thereby avoid a collision. He testified that he had stopped right where he was at the time he noticed the defendants’ car, that, quoting him, “She would just about have killed me, as fast as she was going, she would have hit me right in the middle.” He testified that Mrs. Jennings was travelling at about 30 miles an hour when he saw her car; that she did not put on her brakes; that the left front portion of the defendants’ car came into contact with the right front portion of plaintiff’s car. As he endeavored to negotiate a right angle left turn and the front left side of defendants’ car hit the front right side of plaintiff’s car; and as the two cars almost paralleled and came into contact both proceeded in a forward direction. The plaintiff’s car ultimately landed in a yard, colliding first into a telephone pole and then into a fence, knocking both down. The defendants’ car came to a stop in a ditch.
Mrs. Jennings testified that she had been driving on 5th Street and had stopped for stop signs on every intersecting street including Avenue B; that at each of the stop signs she stopped her car'and started from a stopped position in second gear. She testified positively that she brought her car to a complete stop at the intersection of 5th Street and Avenue B, looked to the left and to the right and seeing no cars to her right she put her car into second gear and proceeded across the intersection of Avenue B. She did not see the plaintiff’s automobile until the actual collision, ánd then- it was a “flash”, and she was rendered unconscious. Mrs. Jennings testified that when she stopped at Avenue B and looked to the left she could see all the way to 4th Street and that the house on her left did not obstruct her view. She answered the question, “What was on your left on Avenue B ?” as follows: “I don’t remember but there may have been some cars out there. I don’t remember.”
A deputy sheriff for the Parish of Jefferson who investigated the accident testified that he found the vehicles in separate ditches; that Mrs. Jennings’ car had gone “completely across the street” before it came to a complete stop in the ditch. We quote part of his testimony as follows: “They had to stop, it went in the ditch and couldn’t go no further and the other one went into the fence.” The said deputy sheriff found no skid marks to indicate that either of the motorists attempted to stop their respective vehicles by use of brakes.
*571 The defendants challenge the veracity of Steele, Jr., in his testimony that he was driving at a speed of 15-20 miles per hour contending that the facts belie said speed in that after the impact Steele’s car continued forward across the intersection, knocked down a heavy post and crashed through a wire fence, with one of the fence rails sticking five feet through his windshield, before coming to a complete stop. They contend that this is definite evidence that Steele, Jr., entered the intersection of 5th Street at an excessive speed, the proximate cause of the collision, in a direct violation of the applicable Police Jury Ordinance of the Parish of Jefferson offered in evidence, which limits the speed of a motor vehicle operated on Avenue B to 20 miles per hour. We do not find that the facts herein give rise to this presumption.
Defendants further contend that, notwithstanding Steele, Jr., was proceeding on a right-of-way street, he was negligent in not noticing that the Jennings’ car had entered or was about to enter the intersection and that even the slightest glance should have indicated to Steele, Jr., that the other car was approaching the intersection. Defendants contend that these facts bring the case within the findings and holdings of this Court in Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605, wherein, under the circumstances of the intersectional accident there involved, we held that the plaintiff-motorist, after stopping at a stop sign, looking and ascertaining that there was no apparent danger, had the right of way over a vehicle approaching from his right, even though this vehicle was being operated on a right-of-way street, which did not justify its driver in disregarding ordinary rules of safety. The facts as presented in the Thomas case are different from and bear no analogy to those of the instant case.
We find no merit in the contention and argument of defendants relative to either the alleged absence of negligence on the part of Mrs. Jennings or the alleged negligence on the part of Steele, Jr. This accident occurred at night when headlights of cars are conspicuous to all who would and should observe them. Had Mrs. Jennings brought her car to a complete stop at the intersection, and had she glanced slightly to her left she could have and should have observed the headlights of plaintiff’s oncoming car. In accordance with her testimony, she was aware that there were cars to her left on Avenue B and instinct alone should have indicated to her that other cars were approaching or were in the vicinity of the intersection she attempted to cross and she should not have entered onto Avenue B blindly and without looking to determine with reasonable certainty that such a course of action was safe to perform. If Mrs. Jennings merely stopped before attempting to enter *573 Avenue B, she performed only one half the duty that rests upon her. To stop and then proceed forward without having sufficient opportunity to determine if it is safe to do so, is negligence of a gross character, and renders the person guilty of such responsible for damages resulting therefrom.
The argument that Steele, Jr., was driving at such an excessive speed that he had not yet come into Mrs. Jennings’ range of vision is unimpressive under the facts and circumstances of this case.
In the case of Ryan v. Allstate Insurance Company of Chicago, 232 La. 831, 95 So. 2d 328, 330, we held a motorist free from negligence in failing to avoid colliding with a truck which entered an intersection from a less-favored street either without stopping at the stop sign or without waiting until the intersection was cleared; and the driver of the truck guilty of negligence which, under the circumstances of that case, was the sole and proximate cause of the collision, saying as follows:
“ * * However, it would make absolutely no difference whether Leslie Evans did or did not stop his truck for he was guilty of negligence in either respect. If he brought his vehicle to a stop, there was the most wanton negligence on his part in proceeding from a position of safety into North Carrollton Avenue without ever seeing the approaching Bowers automobile; and if he made no stop, his negligence is too obvious to discuss.’ ”
In the case of Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849, 851, the Court held:
“The law in this state is well settled that a motorist who is proceeding on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree of care and vigilance as if no ordinance existed or stop signs were erected. The danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law.”
Steele, Jr., had the right to assume that, motorists entering Avenue B, faced *575 with a stop sign, would comply with the law and yield the right of way to traffic on the favored street. If defendant had actually stopped and looked in obedience to the requirements of the law she would have observed plaintiff’s car approaching and would have accorded him the right of way to which he was due and there would have been no accident.
We are convinced that Steele, Jr., was not driving in excess of the legal rate of speed. His testimony relative to the distance from the home where he had left his girl friend 20 or 25 minutes prior to the accident and the time which passed from then until the time of the accident is convincing and supports his contention that he was not driving in excess of 20 miles per hour. His testimony stands undisputed that he spent the earlier evening dancing at a local cocktail lounge in the company of his girl friend and another couple; that some time between 12:15 and 12:30 he drove the other couple to their home and then drove his girl friend to her aunt’s home on 4th Street, which was about eight blocks from his friends’ home. He left his girl friend some time between 1:20 and 1:30 a. m.; he drove on 4th Street toward Avenue B for a distance of about one and a half miles. He had stopped at the intersection of 4th Street and Avenue B before negotiating a left turn and waited for the passing of a car driving on Avenue B. After turning left on Avenue B, he drove one block thereon and met with this accident on 4th Street at approximately 1:50 a. m., the time alleged in plaintiff’s petition. Mrs. Jennings estimated that the accident occurred between 1:15 and 1:30 a. m., but upon attempting to explain how she established said time, she revealed a lack of reasonable awareness or certainty of the time. The deputy sheriff testified that the accident happened at 2:00 a. m., and that he arrived on the scene within five minutes after he received a call from headquarters to investigate the accident. He established this time because when the post was hit and knocked over by the impact of Steele, Jr.’s, car, the electricity in that vicinity cut off.
Thus, we conclude the charge that Steele, Jr., was contributorily negligent for failing to observe the defendant’s car or for allegedly driving at an excessive speed is not supported by the facts herein. We further conclude that the negligence of Mrs. Jennings, as detailed above, was the sole and proximate cause of the accident herein.
The record discloses that plaintiff claimed damages on behalf of the minor for personal injuries suffered by him as well as damages for medical expenses expended on behalf of the minor and for loss of his automobile, and that at the time of the trial certain stipulations were entered into by and between counsel relative to said alleged damages. However, in rendering *577 judgment the trial court apparently over- : looked the said stipulations and fell into certain harmless and minor errors in arriving at the award made in favor of plaintiff. On appeal before the Court of Appeal, Parish of Orleans, plaintiff asked, the said court to increase the award made by the trial court. In view of our conclusions herein, defendant is liable for all damages sustained and in view of plaintiff’s prayer for an increase in award it is necessary that the quantum of damages be determined. For this reason we shall re-, mand the case to the Court of Appeal for consideration of the quantum of damages due to plaintiff.
Accordingly, for the reasons assigned, the writ herein issued is made peremptory; and it is now ordered, adjudged and decreed that the judgment of the Court of Appeal, Parish of Orleans, be and the same is hereby reversed, annulled and set aside and that there be judgment in favor of plaintiff and against the defendants herein, in solido. It is further ordered that this case be remanded to said court for proper consideration and assessment of damages in favor of plaintiff. All costs of this proceeding to be paid by defendants.
HAWTHORNE, J., dissents.
McCALEB, J., dissents with written reasons.