GLADNEY, Judge.
This suit, instituted by Mrs. Lester Carr and her husband, seeks recovery of damages for personal injuries sustained by Mrs. Carr while a passenger in the automobile of Mrs. Catherine V. Green, which was involved in an intersectional accident with a vehicle driven by Mrs. Carolyn B. Simpson. The named defendants are Grain Dealers Mutual Insurance Company, insurer of Mrs. Green’s automobile, and State Farm Mutual Automobile Insurance Company, the lia *199 bility insurer of the Simpson car. Following a trial on the merits of the case, judgment was rendered in favor of plaintiffs against Grain Dealers Mutual Insurance Company, but rejecting the demands against State Farm Mutual Automobile Insurance Company. From that decree, plaintiffs and Grain Dealers Mutual Insurance Company have appealed.
The essential facts as presented to the trial court are not seriously controverted. On the late afternoon of July 29, 1958, at which time the atmospheric conditions were normal and the streets dry, Mrs. Green, accompanied by Mrs. Carr, was driving west on Hilton Street in the City of Monroe, and upon approaching the intersection of North Fifth Street, slowed down, but failed to stop before proceeding into North Fifth Street, where her automobile was struck by a car being operated by Mrs. Carolyn B. Simpson. North Fifth Street is by municipal ordinance denominated a right-of-way thoroughfare and consequently traffic approaching on Hilton Street is required to come to a stop before attempting to cross or enter North Fifth Street. A stop sign indicative of this traffic regulation was not obeyed by Mrs. Green, and she so testified. The evidence preponderates to the effect that Mrs. Simpson at the time of the accident was traveling at a lawful rate of speed, twenty-five miles per hour, with her car under control and, although alert, did not observe the approach of the vehicle of Mrs. Green until she was within one to three car lengths of the intersection. The northeast corner of the intersection, due to the presence of shrubbery, prevents a southbound motorist approaching the intersection on North Fifth Street, as was Mrs. Simpson, and a westbound motorist on Hilton Street, as was Mrs. Green, from observing each other until they are extremely near the intersection. In fact, Mrs. Green stated that she had to drive into the intersection before she could see in both directions on North Fifth Street.
From the established facts it is clear that Mrs. Green was negligent in failing to stop upon arriving at the intersection. It is equally clear that Mrs. Simpson was operating her vehicle in a careful and prudent manner.
There can be no question as to the negligence of Mrs. Green and counsel for Grain Dealers Mutual Insurance Company does not seriously contend the absence of such negligence. Both plaintiff and Grain Dealers Mutual Insurance Company, however, assert that Mrs. Simpson was negligent in traveling along North Fifth Street at a rate of speed in excess of the twenty-five mile per hour maximum speed prescribed by the traffic ordinance, and they further argue that she failed to maintain a proper lookout or she would have timely observed the approach of Mrs. Green and so controlled her vehicle as to avoid the accident. These contentions are not established and we find nothing in the record to indicate fault on the part of Mrs. Simpson.
Where an intersection is controlled by a stop sign the motorist on the favored street is entitled to indulge in the assumption that any driver approaching from the less favored street will bring his car to a complete stop before entering the intersection. This rule has been cited and followed consistently. Koob v. Cooperative Cab Company, 1948, 213 La. 903, 35 So.2d 849; Ryan v. Allstate Insurance Company of Chicago, 1957, 232 La. 831, 95 So.2d 328; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 1958, 235 La. 564, 105 So.2d 222; Henderson v. Central Mutual Insurance Company, 1959, 238 La. 250, 115 So.2d 339; Youngblood v. Robison, 1960, 239 La. 338, 118 So.2d 431.
Under the facts as set forth above, Mrs. Simpson was not at fault in attempting to traverse the intersection at a reasonable speed when she had no reason to believe that a vehicle would ignore the stop sign as Mrs. Green did in this instance. The trial court properly rejected plaintiffs’ demands against the insurer of Mrs. Simpson, and we approve of his determination of *200 liability of the insurer of Mrs. Green’s vehicle,
On the evening of the accident, July 29, 1958, Dr. James D. Kelly examined Mrs. Carr, finding that she had a large hematoma of the right temporal and parietal area of the skull, several abrasions on her arm, and she complained of pain in the thorax behind the right shoulder blade. X-rays made at the time of the examination were negative. Treatment of the hematoma followed for a period of about one week and consisted of injections of chymar, which were successful and the hematoma subsided without any residual effect. Prior to October 15, 1958, Dr. Kelly administered to Mrs. Carr seven ultrasonic treatments for the purpose of relieving any muscular distress in the right posterior thorax region, of which Mrs. Carr complained. It was his opinion that his ■patient had recovered and had no serious residual effects of the accident after October 15th. However, she returned to see the doctor on March 26, 1959, complaining of muscular soreness and numbness in the thorax region. The physical examination revealed no apparent discomfort in the movement of the patient’s arms and he could not discern any cause for plaintiff’s complaints at that time. When she continued to complain, however, he recommended that she see Dr. Cannon, an orthopedist. She never went to see Dr. Cannon, nor did she find it necessary to receive any other medical examinations or treatment.
In our opinion, the testimony of Dr. Kelly reflects that the injuries of Mrs. Carr were not of a serious nature and had more or less disappeared by October 15, 1958. Foras-much as Mrs. Carr did not feel that medical attention was required from August 2, 1958, to October 8, 1958, and from October 15, 1958, to March 26, 1959, we are of the opinion that the complaints of Mrs. Carr following October 15th do not indicate she was suffering from substantial pain.
The trial court awarded the sum of $2,000 for the personal injuries sustained by Mrs. Carr. In our opinion this award is excessive as we feel that $1,500 is adequate.
For the reasons hereinabove set forth, the judgment from which appealed is amended by reducing the award in favor of Mrs. Carr to $1,500, and as so amended the judgment is affirmed in all other respects. Costs of the appeal are taxed against plaintiffs and all other costs against the defendant, Grain Dealers Mutual Insurance Company.