McCALEB, Judge
(concurring).
A consideration of the facts of this case has not convinced me that the bus operator should or could reasonably have anticipated that the driver of the Randall car would not respect the superior right-of-way of the bus by bringing the car to a stop before it preempted the intersection. Under all of our latest cases, we have given increasing recognition to the right of the motorist travelling on right-of-way streets to indulge in the assumption that traffic approaching intersections from less favored streets will observe the law and it is only in exceptional circumstances (which I do not find present in this case), where the motorist on the favored street could have avoided the ac *552 cident by the exercise of the slightest sort of observation, that he will be found derelict. See Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849; Ryan v. Allstate Insurance Company, 232 La. 831, 95 So.2d 328; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339 and Youngblood v. Robison, 239 La. 338, 118 So.2d 431.
On the other hand, I am of the opinion that the excessive speed of the bus (40 to 43 miles per hour) was a contributing cause of the accident. Excessive speed, albeit negligence per se, does not of itself impose liability unless it is a proximate cause of an accident. But, here, where it is shown that the heavy bus was being driven at a rate of speed 10 to 13 miles higher than that permitted by law, over an admittedly dangerous intersection, the speed alone constitutes reckless driving. To conclude that a vehicle thus driven does not contribute to an accident occurring between it and another vehicle negligently operated is, to my mind, pure guesswork on the part of the judge or judges. Accordingly, I agree with the majority conclusion that speed of the bus had causal connection with the accident I and that, but for it, the mishap may well not have occurred.
I respectfully concur in the decree.