HOOD, Judge.
This is a damage suit instituted by Theresa George Martin and her husband, Joseph Martin, arising out of a motor vehicle collision which occurred at a street intersection in the City of Lafayette, Louisiana. Plaintiff, Theresa George Martin, was riding as a passenger in one of the automobiles involved in that collision, which automobile was being driven by J. E. McCormick, and she sustained personal injuries as a result of the accident. The suit was instituted against State Farm Mutual Automobile Insurance Company, the public liability insurer of McCormick, and against Francisco Barros, Jr., the driver of the other automobile involved in that accident, and his public liability insurer. Plaintiffs later dismissed the suit as to Barros and his insurer, leaving State Farm Mutual Automobile Insurance Company as the only remaining defendant.
After trial of the case on its merits judgment was rendered in favor of defendant, State Farm Mutual Automobile Insurance Company, rejecting plaintiffs' demands and dismissing the suit. One of the plaintiffs, Theresa George Martin, has appealed from that judgment. The other plaintiff, Joseph Martin, has not appealed.
The accident which gave rise to this suit occurred about 1:30 A.M. on December 14, 1958, at the intersection of General Mouton and Gordon Streets in the City of Lafayette. General Mouton Street runs east and west and Gordon Street runs north and south. Both of these streets are blacktopped thoroughfares, the hardsurfaced portion of the former being about 18 feet wide, and the blacktopped portion of Gordon Street being about 15 feet in width. At the time of the accident General Mouton Street was a preferred thoroughfare, traffic on that street having the right-of-way over traffic on Gordon Street. Stop signs were located at this intersection directing vehicles on Gordon Street to stop before entering that intersection or attempting to cross General Mouton Street. There were no signs or any other traffic signals warning vehicles traveling on General Mouton Street to stop or to use caution at this crossing.
Immediately prior to the accident, McCormick was driving his Pontiac automobile in an easterly direction along General Mouton Street, the preferred thoroughfare, at a speed of from 10 to 17 miles per hour, which was well within the speed limit for that street. While the McCormick vehicle was traversing the intersection of General Mouton and Gordon Streets it was struck on the right side by a Chevrolet automobile being driven by Francisco Barros, Jr., and both automobiles were badly damaged as a result of this collision. Plaintiff was riding as a guest in the front seat of the McCormick car, and she sustained serious personal injuries as a result of the accident.
The Barros automobile, just prior to the accident, had been traveling north on Gordon Street at a speed of 40 to 45 miles per hour; Barros did not stop before entering the intersection where the accident occurred, and there is no indication that he applied his brakes or made an effort to reduce the speed of his vehicle before it collided with the McCormick automobile.
Some shrubbery was located on the southwest corner of this intersection, which prevented the driver of either vehicle from seeing the other until about the time each reached the crossing. McCormick testified that he did not see the Barros automobile until he reached and had entered the intersection, that he then saw the lights of the Barros car approaching the crossing when it was 40 to 50 feet from General Mouton Street, and that the collision occurred almost immediately thereafter.
In the record we find no specific statement by McCormick to the effect that at *173 the time the accident occurred he knew that stop signs were located at this intersection requiring traffic on Gordon Street to stop before crossing General Mouton Street. He did testify, however, that he had frequently traveled on General Mouton Street while riding in a car pool to and from work, that he was familiar with that intersection, and that on several occasions he had discussed with other members of the car pool how dangerous that street was. This testimony is sufficient, we think, to establish that he knew that General Mouton Street was the right-of-way street, and that stop signs were located at the intersection warning traffic on the inferior street to stop. Although he says he discussed with others how dangerous General Mouton Street was, the record does not indicate that the danger which he apparently recognized consisted •of the failure of motorists on inferior streets crossing the main thoroughfare to heed stop signs at those crossings.
Plaintiff-appellant contends that under these facts the trial court erred in concluding that McCormick was free from negligence. It is argued that McCormick was negligent in failing to maintain a proper lookout at the intersection, in operating his vehicle at an excessive rate of speed, and in failing to have his automobile under proper control.
We think the law applicable to this case has been clearly stated by the Supreme Court in Koob v. Cooperative Cab Company, 213 La. 903, 35 So.2d 849, 851, as follows:
“The law in this state is well settled that a motorist who is proceeding on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree ■of care and vigilance as if no ordinance existed or stop signs were erected. The •danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law.”
This rule has been cited and applied by our Supreme Court on several other occasions. See Ryan v. Allstate Insurance Company, 232 La. 831, 95 So.2d 328; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Youngblood v. Robison, 239 La. 338, 118 So.2d 431. We also have consistently applied that rule to cases when the facts and issues are similar to those presented here. See Hernandez v. State Farm Mutual Automobile Insurance Company, La.App. 3 Cir., 128 So.2d 833, 836; McCoy v. State Farm Mutual Insurance Company, La.App. 3 Cir., 129 So.2d 66; Central Louisiana Electric Company v. Hodges, La.App. 3 Cir., 137 So.2d 132; Benoit v. Vincent, La.App. 3 Cir., 132 So.2d 75; Hilton v. Bankers Fire & Marine Insurance Company, La.App. 3 Cir., 134 So.2d 82; Lavigne v. Southern Farm Bureau Casualty Insurance Company, La.App. 3 Cir., 125 So.2d 430; Warner v. Insurance Company of State of Pennsylvania, La.App. 3 Cir., 129 So.2d 320. See also, LeBeau v. Baton Rouge Bus Company, La.App. 1 Cir., 136 So.2d 740; Guarisco v. Swindle, La.App. 1 Cir., 132 So.2d 635; Emmco Insurance Company v. Ferrara, La.App. 4 Cir., 127 So.2d 48; Smith v. Aetna Cas. & Sur. Co., La.App. 2 Cir., 128 So.2d 235; Carr v. Grain Dealers Mutual Insurance Company, La.App. 2 Cir., 124 So.2d 198.
*174 In Hernandez v. State Farm Mutual Automobile Insurance Company, supra, we said:
“As we have already stated, the evidence establishes that plaintiff was driving his car at a speed of from IS to 25 miles per hour as it approached the intersection. This was a lawful rate of speed. Plaintiff was traveling on a right-of-way thoroughfare and was aware of the existence of a stop sign warning vehicles entering the intersection from Trudeau Street to stop before doing so. Under those circumstances, he was justified in assuming that drivers on the inferior street would obey the law, and, accordingly, he had the right to proceed at a lawful rate of speed without stopping or reducing his speed at each intersection, unless he saw, or should have seen, that the other car was not observing or was not going to observe the law.”
Counsel for plaintiff argues that McCormick, in spite of the fact that he was on a preferred street, did not have the right to rely on the assumption that Barros would yield the right-of-way to him, and that he was negligent in failing to reduce the speed of his car to such an extent that he could bring it to a stop in time to avoid the collision. A number of cases are cited in support of that argument, but we find the facts in each of those cases to be materially different from those presented in the instant suit, and for that reason we think the cases cited by counsel are not applicable here. In our opinion the rule announced in the Koob case, supra, which rule has been applied in many other cases where the facts are similar to those presented here, is applicable in this case.
In this case we are convinced that McCormick was driving his car at a lawful and reasonable rate of speed. He was traveling on a right-of-way thoroughfare and was aware of the existence of stop signs warning vehicles entering the intersection from Gordon Street to stop before doing so. Under those circumstances we think McCormick was justified in assuming that a motorist on the inferior street would obey the law, and accordingly he had the right to proceed at a lawful rate of speed without stopping or slowing down at the intersection, unless he saw or should have seen that the other car was not observing or was not going to observe the law. The evidence convinces us that McCormick exercised reasonable care as he attempted to cross Gordon Street, but that in spite of that fact he did not see, and under the circumstances could not reasonably have detected, that the Barros car was not going to observe the law until it was too late for him to avoid the collision. In our opinion the trial judge correctly held that McCormick was free from negligence.
For the reasons herein assigned the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.