McCALEB, Justice
(concurring).
I am in full accord with the findings of the main opinion. Additionally, I believe it important to stress the fact that plaintiff was not travelling on a right-of-way street —for, under all of our recent cases, we have given increasing recognition to the right of motorists travelling on right-of-way streets to assume that trafile approaching intersections from less favored streets will observe the law, by stopping in obedience to stop signs or traffic semaphore lights. It is only in exceptional circumstances, where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation, that he will be found derelict. See Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849; Ryan v. Allstate Insurance Company, 232 La. 831, 95 So.2d 328, 329; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d ;339 and Youngblood v. Robison, 239. La. 338, 118 So.2d 431. . :
The intersecting streets involved in this case, Nighthart and Pressburg, are of equal dignity as noted in our opinion. Therefore, it was incumbent upon plaintiff to use reasonable care in her approach to *759 the intersection including, of course, the duty to exercise a proper lookout, as R.S. 32:237 did not grant plaintiff a general right-of-way over vehicles on .Nighthart approaching from her left but only over such vehicles which approached or entered the intersection at “approximately the same time” as plaintiff.
The degree of care required of a driver approaching an intersection from the right when the streets are of equal dignity, is much greater than that imposed on a driver approaching an intersection on a favored or right-of-way street, or on a favorable traffic semaphore. In the latter instances, he need exercise only slight care as he is entitled to assume that cross traffic will comply with the law and yield the right-of-way. But, when the intersecting streets are of equal dignity, a motorist has the duty of ascertaining, before he can claim the right to proceed accorded by R.S. 32:237, whether he has arrived or entered the intersection at about the same time as the vehicle, as cross traffic reaching the intersection first (provided it did not get there as a result of excessive speed) has the right to enter, preempt and complete the crossing notwithstanding the fact that there are other vehicles within the vicinity of the intersection approaching it from the right. The privilege accorded by R.S. 32:237 is a conditional one, a right entirely dependent upon the location of other traffic approaching the intersection.