GLADNEY, Judge.
Plaintiff, John Morrison Williams, seeks recovery of damages for personal injuries and loss of property arising from an automobile collision which occurred in the intersection of Girod and South 4th Streets,, in Monroe, Louisiana, on the morning of November 26,1960. After a trial on the merits, the trial court rendered judgment holding that the actions of the defendant, Mrs. Maude O. Sims, the driver of the vehicle insured by defendant, were entirely free of negligence and that the last clear chance or discovered peril doctrine invoked by plaintiff, was without application. From the decree plaintiff has appealed.
Appellant was driving east on Girod Street and Mrs. Sims was driving south on South 4th Street when the vehicles collided in the intersection of the two streets. , The point of impact was determined as being in the east lane of South 4th Street and the south lane of Girod Street, or the southeast quadrant of the intersection.
South 4th Street, the right-of-way thoroughfare,1 is of asphalt, sixteen feet- wide, and Girod 'Street is twelve1 feet in width, the east half of which is improved with gravel and the west half with asphalt. In the southwest corner of the intersection a small tree partially obstructs the vision of motorists traveling east as to traffic approaching from the south on South 4th Street. On the morning of the accident the weather was clear and the streets dry. There were- no other eye witnesses of the accident except -the drivers of the two vehicles.
Mrs. Sims is charged with being negligent in that she was driving at a rate of speed in excess of the legal limit of twenty-five miles per hour, in failing to maintain a proper lookout, in failing to timely stop and avoid the accident, and in some other respects, but primarily the charges pressed are excessive speed and failure to observe the presence and actions of Williams.
Williams testified that as he approached the intersection he came to a stop at the stop sign, but as he could not see south along South 4th Street,, he moved forward several feet so1 that he could observe traffic approaching along South 4th Street; that when he arrived in such position he looked both ways along South 4th Street, and not observing the approach of any vehicle, he started his vehicle and began crossing the intersection when he was struck by the car driven by Mrs. Sims. Mrs. Sims testified that she was traveling at a speed of twenty-to twenty-five miles per hour, and when she arrived at a point less than one-half a block from the intersection she observed Williams approaching and slowing down as he arrived at the intersection, and she believed that he would come to a stop. Thereafter, she stated she paid no attention to him until he was immediately in front of her car and at that time she applied her brakes and attempted to avoid the collision without avail.
Officer Willis Warner of the Monroe Department of Police investigated the accident. He found the point of impact was in the southeast quadrant of the intersection and after measuring the tire marks of the Sims vehicle, he found these to be forty-eight feet *128 in length up to the point of impact. He noted also that both vehicles moved in a northeasterly direction for about thirty feet after the collision. Photographs tendered in evidence indicated that Williams, after he had stopped at the edge of South 4th Street for the purpose of observing traffic, could see for a distance south along South 4th Street for more than one hundred fifty feet. Consistent with the facts as determined by the trial court, Mrs. Sims was exonerated from the charges of excessive speed and other negligence, and blame was placed upon Williams for not making proper surveillance of approaching traffic along South 4th Street before attempting to cross the intersection.
In argument and brief before this court counsel for appellant is emphatic in the contention that Williams was in no wise responsible for the accident and was not negligent in any respect. He attempts to show that Mrs. Sims was driving at a speed of forty miles per hour and asserts that excessive speed was the sole cause of the accident. After assuming this premise, he declares the Sims vehicle was one hundred seventy-seven feet distant when Williams began his movement across the intersection. Unfortunately for the position taken by counsel, the record does not present any substantial proof that Mrs. Sims was traveling at such a speed, or was one hundred seventy-seven feet away from Williams at the time he began his crossing of the intersection. On the contrary, this assumption of fact is refuted by the testimony of Mrs. Sims as to her speed and the absence of any other probative evidence. Certainly, this speed is not indicated by the mere presence of forty-eight feet of skid marks. With respect to this point, the trial judge commented upon the observation made in Bagala v. Kimble, 225 La. 943, 74 So.2d 172 (2d Cir.1954):
“The calculations made by counsel are based on certain other assumptions and involve split seconds or fractions of seconds, all of which make them rather speculative in character.”
We disagree with counsel that any proof of speed is afforded by the meager evidence consisting of skid marks and some thirty feet of movement of the cars after the impact. However this may be, it also seems equally clear that, arguendo, if defendant was exceeding the speed limit to some extent, appellant would not necessarily be relieved of the consequence of his own negligence in failing to make proper surveillance. Smith v. Aetna Casualty & Surety Company, La.App., 128 So.2d 235 (2d Cir. 1961) and authorities therein cited. It is essential that in order for the excessive speed of a vehicle to constitute actionable negligence or contributory negligence, it must have a causal connection with the accident in question. In recent pronouncements of the Supreme Court increased recognition has been given to the right of the motorist traveling on right-of-way streets to indulge in the assumption that traffic approaching the intersection from less favored streets will observe the law, and it is only in exceptional circumstances where the motorists on the favored street could have avoided the accident by the exercise of the slightest sort of observation, that he will be found derelict. The above was the comment of Justice McCaleb in a concurring opinion in Randall v. Baton Rouge Bus Company, Inc., 240 La. 527, 124 So.2d 535 (1960). On page 543 of 124 So.2d he cited the following decisions as supporting this comment: Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So. 2d 292 (1945); Koob v. Cooperative Cab Company et al., 213 La. 903, 35 So.2d 849 (1948); Ryan v. The Allstate Insurance Company, 232 La. 831, 95 So.2d 328 (1957); Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company et al., 235 La. 564, 105 So.2d 222 (1958); Henderson v. Central Mutual Insurance Company et al., 238 La. 250, 115 So.2d 339 (1959); and Youngblood v. Robison et al., 239 La. 338, 118 So.2d 431 (1960).
In our opinion the case falls within the jurisprudential enunciation by Justice McCaleb, and we find the opinion of the trial court to be free of error. Furthermore, we *129 agree with the decision of the court a qua in denying that the last clear chance or discovered peril doctrine can be applied in this instance. Mrs. Sims obviously had no time for evasive action following her discovery that Mr. Williams would attempt to cross South 4th Street and not remain in a position of safety, and immediately upon discovering his position of peril she applied her brakes and attempted to stop her vehicle, but unfortunately, this precautionary action was of no avail. She could not have done otherwise. See authorities in Croom v. Pittsburgh Plate Glass Company, on the docket of this court, 148 So. 123.
The judgment is affirmed at appellant’s cost.