CRAIN, Judge.
This is an appeal by defendant, Robert S. Thoms, II, and his insurer, Liberty Mutual Insurance Company, from a judgment rendered in favor of plaintiff, David A. Carter, for damages as the result of an *879 automobile collision. Appellee answers asking for an increase in the award.
The evidence indicates that this accident happened in Baton Rouge, Louisiana, on November 19, 1971, at the intersection of Airline Highway, a four lane divided highway running North and South, and Green-well Street, a two lane road, running East and West. The intersection is controlled by a traffic semaphore signal. It was drizzling and the surface of the road was wet.
Plaintiff testified that he was headed West on Greenwell Street and stopped in obedience to a red light at Airline Highway. While stopped, he looked to his left and saw Thoms’ headlights some distance down the highway, and was of the opinion that the Thoms vehicle was slowing down. When the light turned green, he glanced to his left again, and saw the headlights approaching, but was of the opinion that the Thoms vehicle had time to stop. He entered the intersection, and, at about the center of the northbound lanes of the Highway, Thoms struck plaintiff’s vehicle on its left rear quarter panel.
Mr. Thoms testified that he was driving about 50 or 55 miles per hour as he approached the intersection from the South. He stated that when the light turned amber for him, he did not immediately apply his brakes, but debated whether to go through the intersection or not. He did not apply his brakes until plaintiff entered the intersection, when it was too late to avoid the collision.
Under these facts there is no question as to the negligence of Thoms. However, appellants contend that the trial court erred in failing to find contributory negligence on part of the plaintiff.
The Supreme Court of this state has held that a motorist proceeding on a favorable traffic light is not required to look before entering an intersection, but may rely on the assumption that the other motorists will obey the traffic signal and stop. Youngblood v. Robison, 239 La. 338, 118 So.2d 431. The only exception is that the motorist with the signal in his favor may be found negligent where he could have avoided the accident by the exercise of the slightest degree of observation and care. Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849; Ryan v. Allstate Insurance Company of Chicago, 232 La. 831, 95 So.2d 328; Steele, Individually and for Use and Benefit of Steel v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Youngblood v. Robison, 239 La. 338, 118 So.2d 431; Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919; Bourgeois v. Francois, 245 La. 875, 161 So,2d 750, and Rome v. S. D’Antoni, Inc., 246 So.2d 331, (La.App. 1st Cir., 1971), Sumrall v. Casas, 277 So.2d 475 (La.App. 1st. Cir., 1973).
The question here is whether plaintiff comes under the exception and consequently should be held negligent. We find that he does not. When plaintiff looked left prior to entering the intersection with the green light, he saw a car approaching that he had no reason to believe would not or could not have stopped. His conclusion is borne out by Thoms’ testimony that he did not apply his brakes until plaintiff entered the intersection, and the physical fact that, after bearing slightly to his left during his skid, Thoms struck the left rear side of plaintiff’s car.
We think that plaintiff exercised the degree of care required of him by the law.
With reference to quantum, the trial court found that the plaintiff suffered a posterior cervical strain, contusions of the left posterior shoulder and contusions of the left chest. He further found that,
“. . . plaintiff’s injuries were much improved after one week and that symptoms subsequent to the one week period were very mild. This conclusion is reached primarily by the lack of any detailed testimony by plaintiff himself. *880 The finding is that during an approximate three months period following the accident, plaintiff did work under mild discomfort.”
Based on these findings, the trial court awarded plaintiff $1,500.00 for his pain and suffering. We find this to be within the limits of the trial court’s discretion.
Defendants cite as error awards by the trial judge to the plaintiff of $148.00 for loss of earnings, and $222.60 for car rental while plaintiff’s vehicle was being repaired. However, defendants set forth no reasons why these awards should not be upheld.
In accordance with the above reasons, the judgment of the trial court is affirmed, all costs to be paid by appellants.
Affirmed.