ELLIS, Judge:
Mrs. Rosa L. Shelton was injured in an accident with an unknown vehicle while operating her son’s automobile. Mrs. Shelton and her husband, Walter D. Shelton, have sued The Travelers Insurance Company, which insured the automobile, under the uninsured motorist provisions of its policy. After trial on the merits, judgment was rendered in favor of Mrs. Shelton, and Travelers has appealed.
The accident happened at the intersection of Chippewa and Jessamine Streets in Baton Rouge, Louisiana. The streets are controlled by a traffic semaphore signal. Mrs. Shelton was driving west on Chippewa, and, as she approached the intersection, had a green light. She testified that she slowed to about ten miles per hour as she entered the intersection, and that she saw the unknown vehicle suddenly enter the intersection so fast that she did not have time to apply her brakes or take evasive action. She stated that she struck the left rear of the other vehicle with sufficient force to cause her to lose control of her car, which crossed Jessamine Street and ran into the concrete porch of a store on the corner. The entire front end of the automobile was damaged as a result of the accident.
There were no other eye witnesses to the accident, the other vehicle involved having fled the scene. The proprietor of the store on the corner testified that he heard two separate noises, the first1 of which sounded like metal striking metal. The second was made when the automobile hit his porch.
The investigating officer said that Mrs. Shelton told him she swerved to avoid the other vehicle and lost control of her car. His report did not reflect a collision between the two vehicles.
Jerry Kraft, a senior appraiser for Travelers, testified as an expert witness that he found no fresh damage to the Shelton vehicle other than that caused by the collision with the porch. His testimony was that the front of the car was “mangled a good bit especially in the lower part, the bumper, the frame, the grill, the fenders were bowed on it, from striking the concrete.” He was not asked nor did he testify as to whether the collision with the porch might have obliterated any damage caused by a, prior collision.
The uninsured motorist section of the policy provides coverage for an accident with a hit and run vehicle only if there is physical contact between that vehicle and the insured automobile. Travelers alleges that the trial judge erred in finding that there was contact between the two vehicles, and, therefore, in finding coverage under the policy.
*257 The trial judge accepted the testimony of Mrs. Shelton and the proprietor of the store in reaching his conclusion, and we find no manifest error in this determination.
Travelers also argues the contributory negligence of Mrs. Shelton in failing to take measures to avoid the accident when she realized that the unknown vehicle would not stop. It is alleged that Mrs. Shelton realized that the other vehicle was going to run the red light when there was still time for her to avoid the accident. We do not so interpret her testimony, which is outlined above. She had no obligation to see the other vehicle before she did, and had no opportunity to avoid the accident thereafter. See Carter v. Liberty Mutual Insurance Company, 278 So.2d 878 (La.App. 1 Cir. 1973).
The judgment appealed from is affirmed, at defendant’s cost.
Affirmed.