132 So.2d 75 (1961)
Davis BENOIT, Plaintiff-Appellant,
v.
Percy VINCENT et al., Defendants-Appellees.
No. 309.
Court of Appeal of Louisiana, Third Circuit.
July 12, 1961.
*76 Edwards & Edwards, by Nolan J. Edwards, Crowley, for plaintiff-appellant.
Mouton, Champagne & Colomb, by George J. Champagne, Jr., Lafayette, for defendants-appellees.
Before TATE, HOOD and CULPEPPER, JJ.
TATE, Judge.
At about 5:30 p. m. on the clear afternoon of June 10, 1959, the Chevrolet automobile in which the plaintiff was riding as a passenger was involved in an intersectional collision with a vehicle driven by Percy Vincent. The plaintiff appeals from the dismissal of his suit against Vincent and the latter's liability insurer to recover damages for the resulting personal injuries.
The sole question on appeal is whether any negligence on the part of the defendant Vincent, driver of the right of way vehicle, contributed to the accident in which the plaintiff was injured while riding as passenger in the other automobile involved.
The accident occurred in the City of Crowley. The defendant Vincent was driving south on a main thoroughfare, which by municipal ordinance had the right of way over the side-street upon which the plaintiff's vehicle was being driven eastward. The plaintiff's driver testified that he had checked his speed and momentarily stopped at the "Yield" sign inhibiting his entrance before proceeding into the intersection.
Neither vehicle was exceeding the municipal speed limit of 25 mph, and neither driver noticed the other until immediately before the impact. The accident occurred at approximately the middle of the intersection, when the plaintiff's vehicle was struck in the center of its left side by the entire front of Vincent's automobile, which left three feet of brake skid marks prior to the impact.
We think that the trial court correctly held that the defendant Vincent, approaching with the right of way, was free of negligence contributing to the accident.
The driver with the right of way is ordinarily entitled to proceed towards and into the intersection upon the assumption that inferior traffic will respect his superior right to proceed, unless he should reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection in disregard of the right of way. Randall v. Baton Rouge Bus Co., 240 La. 527, 124 So.2d 535; Youngblood v. Robison, 239 La. 338, 118 So.2d 431; Henderson v. Central Mutual Ins. Co., 238 La. 250, 115 So.2d 339; Steele, for Use and Benefit of Steele v. State Farm Mutual Ins. Co., 235 La. 564, 105 So.2d 222; Fontenot v. Liberty Mutual Ins. Co., La.App. 3 Cir., 130 So.2d 462; Warner v. Insurance Co. of State of Pennsylvania, La.App. 3 Cir., 129 So.2d 320; Hernandez v. State Farm Mutual Auto. Ins. Co., La.App. 3 Cir., 128 So.2d 833; Andrea v. Hicks, La.App. 3 Cir., 125 So.2d 251.
Plaintiff's able counsel strongly argues, however, that Vincent's lack of lookout contributed *77 to the accident, since the evidence shows that a driver on the main thoroughfare proceeding towards the intersection could see approximately seventy-five feet down the side-street upon which the plaintiff's Chevrolet was approaching.
The defendant Vincent stated that he had glanced to his left and right as he neared the side street, but that he had not seen the plaintiff's Chevrolet until, about eighteen feet distant, he had suddenly observed it passing the sidewalk and entering the intersection, following which Vincent immediately (considering reaction time) applied his brakes, but nevertheless collided with the other vehicle, now across his path. Had Vincent seen the plaintiff's Chevrolet approaching towards the intersection at a normal speed or stopping as it neared the "Yield" sign, he could not reasonably have anticipated that this vehicle would enter the intersection in his immediate path despite his own right of way until after a collision was unavoidable, and thus Vincent's failure to notice the Chevrolet before it was entering the intersection right in front of him does not constitute negligence proximately contributing to the accident resulting from the inferior motorist's disregard of the right of way of Vincent, approaching on the superior thoroughfare. See Henderson v. Central Mutual Ins. Co., above-cited; McCoy v. State Farm Mut. Ins. Co., La.App. 3 Cir., 129 So.2d 66; Bowers v. Hardware Mutual Cas. Co., La. App. 2 Cir., 119 So.2d 671; Nix v. State Farm Mut. Ins. Co., La.App. 1 Cir., 94 So. 2d 457; Gautreaux v. Southern Farm Bureau Cas. Co., La.App. 1 Cir., 83 So.2d 667.
In Randall v. Baton Rouge Bus Co., above-cited, upon which the plaintiff strongly relies, the superior driver's excessive speed and lack of lookout in approaching a particularly dangerous five-cornered intersection were held to have contributed to the accident with the inferior vehicle; but the Supreme Court there specifically found under the facts of the case that the superior driver should have realized that the other motorist would not and could not stop before entering the intersection in time for the superior motorist to have avoided the accident had he been maintaining a proper speed and lookout. 124 So.2d 540. While appropriate to its own facts, the decision is not applicable to the circumstance reflected by the present record, where the defendant Vincent approaching with the right of way could not reasonably have realized, in time to avoid the accident, that the other motorist was negligently going to enter the intersection in Vincent's path.
For the foregoing reasons, at the cost of the plaintiff-appellant, the judgment of the trial court is
Affirmed.