137 So.2d 132 (1962)
The CENTRAL LOUISIANA ELECTRIC COMPANY, Plaintiff and Appellee,
v.
Mrs. Sidney B. HODGES, Nicholas Primeaux, Maryland Casualty Company and Southern Farm Bureau Casualty Company, Defendants and Appellants.
No. 456.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1962.
Edwards & Edwards, by Nolan J. Edwards, Crowley, for defendants-appellants, Southern Farm Bureau Cas. Ins. Co.
Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, for defendant-appellant, Maryland Cas. Co.
Landry, Watkins, Cousin & Bonin, by John M. Stewart, Lafayette, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, Judges.
*133 HOOD, Judge.
This is an action for damages arising out of an automobile accident which occurred at a street intersection in a residential area of the City of Crowley, Louisiana, on July 4, 1959. One of the automobiles involved in the accident was being driven by Mrs. Sidney B. Hodges, and the other was being driven by Nicholas Primeaux. As a result of the collision the Primeaux vehicle was knocked out of control, and it collided with a pole supporting electric distribution lines owned by plaintiff, damaging the pole and wires to the extent of $224.27. Plaintiff instituted this suit against the drivers of both of these vehicles and their public liability and property damage insurers, Maryland Casualty Company and Southern Farm Bureau Casualty Company. After trial of the case on its merits, the trial judge concluded that the accident was caused by the negligence of both drivers, and accordingly judgment was rendered in favor of plaintiff and against all of the defendants, in solido, for the amount claimed. The defendants have appealed from that judgment.
It has been established by the evidence and by stipulations of counsel that the collision occurred at about 7:30 P.M. on the above mentioned date at the intersection of North Avenue K, which runs north and south, and East Third Street, which runs east and west. Each of these streets is paved with concrete and is about 30 feet in width at this intersection. By ordinance of the City of Crowley, traffic on Third Street had the right-of-way over vehicles traveling on Avenue K, and there were stop signs at that intersection indicating that traffic proceeding south on Avenue K must stop before proceeding to cross Third Street. The houses located at this corner were set back approximately 25 or 30 feet from the street, and the visibility of drivers approaching the intersection was unobstructed for a distance of at least 75 feet before they reached the crossing. At the time the accident occurred the weather was clear and the streets were dry.
Immediately prior to the time the accident occurred, Mrs. Hodges was driving her car in a southerly direction on Avenue K, and Primeaux was driving east on Third Street. The front of the Hodges car struck the left side of the Primeaux vehicle as both drivers were attempting to negotiate the intersection, the point of impact being about in the center of that intersection. Primeaux's car traveled or was knocked a distance of about 27 feet to a point on the southeast corner of the intersection where the right rear portion of that car struck the pole owned by plaintiff. After striking and damaging this pole the Primeaux car then continued on an irregular course for a distance of about 90 more feet to a point east of the intersection and on the south edge of Third Street. The impact caused the pole to be broken off near the ground.
Both drivers acknowledged that they were thoroughly familiar with this intersection and that they knew that traffic on Third Street had the right-of-way, and that there was a stop sign warning motorists on Avenue K to stop before proceeding to cross Third Street. Mrs. Hodges testified that she observed the stop sign and stopped before entering the intersection, and that she then looked in both directions. She saw no cars approaching from either direction on Third Street, however, so she proceeded to cross that street, and she acknowledges that she did not see the Primeaux car at any time until her car struck it. She states that the accident occurred after she had traveled only a "yard or two" into the intersection, and that she was traveling 20 to 25 miles per hour at the time the collision occurred.
Primeaux testified that he was traveling at a speed of 25 miles per hour as he proceeded into the intersection, and that he did not see the Hodges car until a moment before the accident occurred when it was within two or three feet from him. There is nothing in the record to contradict Primeaux's testimony as to the speed he was traveling. The trial judge concluded *134 that he was traveling at an excessive rate of speed, apparently basing that conclusion on the fact that the car traveled some distance after the collision occurred and the fact that immediately after the accident Primeaux told the investigating officer that he did not know how fast he was driving. The evidence shows that Primeaux was in a state of shock after the accident occurred, so we do not attach much significance to the statement which he made as to his speed at that time.
Since the streets are about 30 feet wide and the front of the Hodges car struck the left rear portion of the Primeaux car at a point in the center of the intersection, it is apparent that the Hodges car had traveled a distance of about 15 feet into the intersection and the Primeaux car had traveled more than 15 feet into it before the collision occurred. Mrs. Hodges obviously was in error in stating that she had traveled only a "yard or two" into the intersection when the collision occurred, but regardless of this it appears to us that she must have accelerated the speed of her car pretty rapidly in order to reach her admitted speed of 20 to 25 miles per hour by the time she reached the center of Third Street.
The evidence establishes that Primeaux did not apply the brakes of his car before the accident occurred. The record does not show whether he applied them after his car was struck, whether the car traveled under its own power to the point where it finally came to rest, or whether it was carried to that point by its momentum. We agree with the trial judge that the fact that the Primeaux car traveled a distance of about 117 feet after the collision indicates that it must have been traveling more than the driver's admitted speed of 25 miles per hour, but we are not able to say from the evidence presented here that he was driving at a speed much in excess of that or that the speed at which he was driving constituted negligence which was a proximate and contributing cause of the accident.
The motorist on a right-of-way street, with knowledge of the location of a stop sign warning motorists approaching from an inferior intersecting street to stop, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed or is not going to observe the law. Koob v. Cooperative Cab Co., 213 La. 903, 904, 35 So.2d 849; McCoy v. State Farm Mutual Ins. Co., La.App. 3 Cir., 129 So.2d 66; Benoit v. Vincent, La.App. 3 Cir., 132 So.2d 75.
The law also is settled to the effect that a motorist who merely stops before entering a right-of-way thoroughfare has performed only one-half of the duty resting on him. He not only must stop, but he must also look out for vehicles on the intersecting street, and he must not enter until he ascertains that it is safe to do so. To stop and then proceed forward into the favored street, without first determining that it is safe to enter the intersection, constitutes negligence. Hernandez v. State Farm Mutual Insurance Co., La.App. 3 Cir., 128 So.2d 833; McCoy v. State Farm Mutual Insurance Co., supra; Benoit v. Vincent, supra.
In the instant suit we conclude that Mrs. Hodges was negligent in proceeding to cross the favored street without first determining that it was safe for her to do so, and that her negligence in that respect constituted a proximate cause of the accident. The fact that she stopped before proceeding into the intersection did not relieve her of the duty to look out for vehicles on the right-of-way street and to refrain from entering that intersection until she determined that it was safe to do so.
Since Primeaux was on a favored street he had a right to proceed into the intersection upon the assumption that inferior *135 traffic would respect his superior right to do so, unless he saw or should have seen in time to avoid the accident that the Hodges car had not observed or was not going to observe the law. The evidence in this case, however, does not show that Primeaux could have avoided the accident after he should have observed the danger, even if he had been driving at a slower rate of speed and had been maintaining a careful lookout. The evidence convinces us that both vehicles entered the intersection at about the same time. Assuming that Primeaux had been driving at a speed of 25 miles per hour, as he testified, and that he had observed the Hodges car as it approached the intersection, it appears to us that he would have had the right to proceed across under the assumption that Mrs. Hodges would remain stopped until he had passed. The speed at which he was driving and his failure to observe the Hodges car, therefore, do not constitute proximate causes of the accident.
Counsel for Mrs. Hodges argues, however, that Primeaux was negligent in failing to have his headlights on at the time of the accident, and that his negligence in that respect was also a proximate cause of the accident. The evidence shows that the headlights on the Hodges car were burning at that time, but it does not establish whether the lights on the Primeaux car were or were not burning. We think it is immaterial whether Primeaux's lights were on, however, because it apparently was not dark enough at that time to prevent Mrs. Hodges from seeing the other car clearly, even without lights. She testified that it was "dusk" when the collision occurred, that there was nothing to prevent her from seeing the Primeaux car approaching, that she did not know whether his lights were or were not burning, that she "certainly should have seen the car coming," and that she had no explanation for not seeing it. Under the circumstances shown here, we think Primeaux's failure to have his lights on, if there actually was such a failure, would not constitute a proximate or contributing cause of the accident.
We think the negligence of Mrs. Hodges was the sole proximate cause of the accident, and that the trial court erred in holding Primeaux and his insurer liable, in solido, for the damages sustained by plaintiff. The judgment of the trial court, therefore, must be amended accordingly.
For the reasons herein assigned, the judgment of the district court is amended and recast to read as follows:
It is ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff, The Central Louisiana Electric Company, and against the defendants, Mrs. Sidney B. Hodges and Maryland Casualty Company, jointly, severally and in solido, for the full sum of $224.27, plus interest at the rate of five percent (5%) per annum from January 12, 1960, until paid, plus all costs.
It is further ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of defendants, Nicholas Primeaux and Southern Farm Bureau Casualty Insurance Company, and against plaintiff, rejecting plaintiff's demand as to said defendants.
All costs of this appeal are assessed to defendants, Mrs. Sidney B. Hodges and Maryland Casualty Company.
Amended and affirmed.