HERGET, Judge.
Defendants, John C. Morrison doing business as Morrison Iron Works and Hardware Mutual Casualty Company, Incorporated, appealed suspensively from a judgment rendered against them in favor of plaintiffs for personal injuries and special damages as follows: (1) to Mrs. Camilla Davidson in the amount of $5,000; (2) to Ivy T. Davidson for $3,000 and (3) for special damages in the sum of $2,528.05.
The suit arises out of an accident resulting from an intersectional automobile collision.
Plaintiff, Mr. Ivy T. Davidson, was operating his automobile driving in a westerly direction on Highway 16, while Mrs. Camilla Davidson, plaintiff, was his guest passenger in said automobile. Clayton Bergeron, an employee of Morrison Iron Works acting within the scope of his employment, was operating a pickup truck belonging to Defendant and was proceeding in a northerly direction on Highway 43. The intersection is controlled by a stop sign facing traffic on Highway 43. While attempting to make a left turn into Highway 16 Mr. Bergeron’s vehicle was struck on the right rear fender by the Davidson vehicle in the northwest quadrant of the intersection.
Admitting Mr. Bergeron did not heed the warning in obedience to the stop sign facing him, Defendants contend, despite Ber-geron’s negligence, (1) Mr. Davidson was guilty of contributory negligence in proceeding at a dangerous rate of speed under foggy, hazardous weather conditions and in failing to yield the right of way, the intersection of the highways, preempted by the Bergeron vehicle. And, further, (2) Mr. Davidson had the last clear chance to avoid the collision and, failing to avail himself thereof, was answerable for the ensuing damages.
The evidence reveals though on the morning of this accident the weather was foggy, it is apparent there was clear visibility a *96 distance of some 400 to 500 feet, despite the fog. Mr. Davidson’s testimony is that he observed the pickup truck driven by Mr. Bergeron when he was approximately a block from the converging highways. He immediately removed his foot from the accelerator but upon seeing the truck slow down, believing the operator thereof would stop and accord to him the right of way to which he was entitled, he resumed acceleration. Upon observing the truck entering the intersection without stopping, Mr. Davidson applied the brakes. After leaving 12 to 15 feet of skid marks his vehicle struck the fender of the truck and swerved to the right, the left front door opened and both Plaintiffs were thrown from the car into the road.
The negligence of Mr. Bergeron is apparent. He did not stop at the stop sign. Answering Defendants’ first contention of Plaintiff’s negligence, Mr. Davidson was approaching the intersecting- highways driving at a lawful speed of 45 miles per hour. Mr. Bergeron entered the junction in complete disregard of the traffic admonition placed on Highway 43 in an effort to protect the motoring public and at a time when Davidson’s vehicle was in such close proximity Mr. Davidson’s avoidance of a collision was impossible. We are of the opinion Mr. Bergeron’s negligence was the sole proximate cause of the accident. Patterson v. Allstate Insurance Company, La.App., 147 So.2d 901; Benoit v. Vincent, La.App., 132 So.2d 75; Hickman v. Bawcom, La.App., 149 So.2d 178; Gautreaux v. Southern Farm Bureau Casualty Co., La.App., 83 So.2d 667.
 The burden of proof rests upon Defendants to prove by a preponderance of evidence the assertions of contributory negligence and of last clear chance. Failing to have sustained such obligation, in answer to the second argument of Defendants, we are of the opinion the doctrine of last clear chance is inapplicable. Mr. Davidson was guilty of no negligence in the causation of this accident. Frazier v. Muse, La.App., 98 So.2d 693; Schick v. Jenevein, 145 La. 333, 82 So. 360; Central Louisiana Electric Company v. Hodges, La.App., 137 So.2d 132; Lavigne v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 430; Hilton v. Bankers Fire & Marine Insurance Company, La.App., 134 So.2d 82; Maryland Casualty Co. v. Allstate Insurance Co., La.App., 96 So.2d 340; Breaux v. Meyers, La.App., 132 So.2d 77; and Joffre v. Ike Haggert Machine Works, La.App., 100 So.2d 557.
We next come to quantum.
Defendants maintain the awards made by the Trial Court for personal injuries sustained by Plaintiffs are excessive; whereas, Plaintiffs answered the appeal praying such awards be increased to $6,000 and $10,000, respectively, for Mr. and Mrs. Davidson.
Doctor Clinton Sharp, a general practitioner, examined both Mr. and Mrs. Davidson on the day of the collision. His examination of Mrs. Davidson revealed severe abrasions and bruises of the right leg; ruptured varicose vein conditions; spasm of the lumbar muscles of the back; muscular strain in her neck and a possible whiplash injury to the cervical spine; uterine contractions and a threatened miscarriage, (Mrs. Davidson being five and a half months pregnant at the time of the accident) however, fortunately, this did not occur. At the time of the trial, nearly a year after the date of the accident, Dr. Sharp noted the then presence of the vari-cosities and he was of the opinion Mrs. Davidson was still suffering with her neck caused from the cervical strain and there was a residual pain in her knee.
Both Mr. and Mrs. Davidson were referred to Dr. Moss Bannerman, an orthopedic specialist, for orthopedic evaluation and treatment. As to Mrs. Davidson, Dr. Bannerman was of the opinion she had suffered a moderate to severe cervical strain and had sustained multiple contusions. He *97 examined Mrs. Davidson a second time nearly eleven months after the date of the accident and was of the opinion she had cervical strain, mild, still symptomatic, and had residual pain from contusions over the left knee. As to the varicosities sustained by Mrs. Davidson, Dr. Bannerman was of the opinion such did not come within his specialty and the general practitioner who had treated Mrs. Davidson would be in a far better position to evaluate such injuries.
In its oral reasons for judgment, the Trial Court itemized the awards to Mrs. Davidson as follows:
“A-Ruptured Varicose Vein of Right Leg-$1,000.00
B-Whiplash Injury-$2,500.00
C-Abrasion and Contusion of Right Leg-$ 500.00
D-Physical & Mental Pain Suffering etc-$1,000.00
TOTALING.--$5,000.00”
Though, admittedly, some of the complaints Mrs. Davidson suffered as a result of this accident do not appear itemized therein, the fixation of awards for personal injuries are not such as to permit dollar evaluations; however, we are of the opinion the award in globo of the sum of $5,000 to Mrs. Camilla Davidson is neither excessive nor inadequate.
Mr. Davidson suffered a severe abrasion of the left shoulder, fracture of two ribs and a diaphragmatic hernia. Predating the accident Mr. Davidson had a knot on his forehead which, according to the medical testimony, had increased in size because of the trauma sustained in this accident and should be removed by surgery, leaving a slight scar. Dr. Sharp was of the opinion Mr. Davidson would continue to suffer indigestion caused by the traumatic hernia received in the accident and the arthritic changes in his left shoulder as a result of the accident would cause increasing pain. Likewise, the Trial Court m its oral reasons for judgment itemized the award made to Mr. Davidson, as follows:
“A-Permanent injury to diaphragm -$1,000.00
B-Injury to left shoulder- 500.00
C-Fractured Ribs-$1,000.00
D-Contusion of forehead resulting in Hematoma __$ 500.00
TOTAL —.-1--$3,000.00”.
Our review of the record convinces us the award of $3,000 in globo adequately compensates Mr. Davidson for his personal injuries. The award of $2,528.05 for special damages including medical bills and loss of the use of the automobile needed by Mr. Davidson in his business has, in our opinion, been proven by a preponderance of evidence.
Affirmed.