FRUGÉ, Judge.
Plaintiff, a guest passenger in an automobile driven by Mr. H. H. Hale, sued Mr. Hale and his insurer, the Aetna Casualty & Surety Company, to recover for damages she sustained in an intersectional collision between the Hale automobile and a vehicle driven by one J. W. Cabe. The trial court rendered judgment in favor of the plaintiff, Mrs. Davis, and the defendants have appealed.
The accident in which the plaintiff was injured occurred at the intersection of Jackson Street and a blacktopped service road flanking the east side of MacArthur Drive, a four-lane highway which skirts the city limits of Alexandria, Louisiana. Jackson Street is a heavily traveled two-lane street which runs approximately east and west, while MacArthur Drive, running north and south at this point, is a four-lane highway designed to route traffic around the more congested areas of the city. The main four lanes of MacArthur Drive are paralleled on either side by blacktop service *322 roads. The intersections of Jackson Street and the service roads are controlled by stop signs which give the right of way to vehicles traveling on Jackson Street. At the intersection of Jackson Street and MacArthur Drive proper, there are traffic signal lights which control the flow of traffic from both directions. In addition, there are two spurs or offshoots of Jackson Street which allow traffic on that street to turn right onto MacArthur Drive and avoid the traffic signals at the main intersection. Thus, a vehicle traveling along one of the service roads is required to stop and yield to crossing traffic at two points, namely, the intersection of the right-turn spur and the service road, and the intersection of Jackson Street proper with the service road.
The undisputed evidence shows that the Hale vehicle, with the plaintiff a passenger in the front seat, was proceeding east into the city on Jackson Street. Visibility was minimal because of darkness and a misting rain. With the green light at MacArthur Drive in its favor, the Hale automobile negotiated the main intersection at approximately 20 miles per hour. Mrs. Davis testified that when their car was approximately 60 feet from the east service road, she observed the Cabe automobile about 75 feet to their left and traveling at a high rate of speed. Hale testified that he did not see the Cabe automobile until after it had passed the stop sign at the intersection and was only a few feet away from the Hale vehicle.
The Cabe vehicle, without regard for the stop signs at both the right-turn spur and Jackson Street, entered the intersection at apparently 40 to 50 miles per hour and collided with the Hale automobile, seriously injuring the plaintiff. Mrs. Davis amicably settled her claim against J. W. Cabe and she then sued her host driver, H. H. Hale, alleging that he was negligent in not observing the Cabe vehicle in time to prevent the collision.
The trial judge, though conceding that the Hale vehicle clearly had the right of way and that Mr. Hale was operating his vehicle at a reasonable speed and under sufficient control, nevertheless held that defendant Hale was negligent because he failed to observe the Cabe vehicle and anticipate that it would run the stop sign and collide with his own automobile.
In ordinary circumstances -a motorist, given the right of way by intersec-tional stop signs, may assume that crossing traffic will obey the law and come to a complete stop before entering the intersection. The favored motorist may rely on his legal right of way until it is apparent from the actions of the crossing driver that that motorist will ignore the stop signs and unlawfully enter the intersection. Koob v. Cooperative Cab Company, 35 So.2d 849, 213 La. 903 (1948), and authorities cited therein. The degree of care imposed upon the favored motorist with regard to traffic approaching on a less favored street increases when the favored motorist approaches an intersection of (1) unusual and irregular design, and (2) which he knows to be dangerous. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960).
In the Randall case the children of the plaintiff were killed when the automobile in which they were riding ran a stop sign and was struck by a speeding bus. The locus of the collision was an unusual five-cornered intersection, which the defendant’s bus entered at a speed 15 miles per hour in excess of the legal limit. In addition, two passengers in the bus seated behind the driver testified that they observed the crossing vehicle as it approached the stop sign and that it was apparent to them that it would enter the intersection without stopping. Noting the particular set of facts and circumstances, the Supreme Court held that the bus driver was negligent in maintaining an excessive speed, in failing to maintain a proper lookout, *323 and in failing to have his vehicle under proper control.
In the case at bar the trial judge felt that the defendant should he held to an extraordinary degree of care (the rule of the Randall case) because
“* * * the intersection of Jackson Street and the east service road was, because of its unusual design, a dangerous intersection. Hale was familiar with the area and knew of the danger there. In consequence, he, in traversing the intersection, was required to exercise a degree of care and caution commensurate with the danger to which he was exposed, and was bound to maintain a vigilant lookout for traffic approaching on the service road. Also beyond controversy are the facts that Hale was not maintaining a lookout for traffic on the service road and, although driving carefully as to speed and control of his vehicle, he was relying entirely upon his legal rights as a superior motorist, being entirely oblivious to cross traffic.”
 We are unable to agree with the determination of the trial judge on this point. From the aerial photographs of the intersection filed in the record, and the testimony of parties concerning the circumstances of the collision, we are not convinced that the intersection of Jackson Street and the east service road is an intersection of “unusual and irregular design” within the meaning of the Randall case. Conceding arguendo that the intersection of Jackson Street with MacArthur Drive proper is a dangerous intersection of unusual and irregular design, it does not follow that an adjacent intersection between normal two-lane streets is automatically relegated to that same category. Our courts have been reluctant to impose the duty of extraordinary- care on the favored motorist without a clear showing that the construction of the intersection involved justified the placing of an additional burden on today’s already overtaxed motorist. Patterson v. Allstate Insurance Co., 147 So.2d 901, La.App. 3 Cir., 1962; certiorari denied 1963; Courtault v. Government Employees’ Insurance Company, 169 So.2d 592, La.App. 4 Cir., 1964; Hulin v. Guilbeaux, 171 So.2d 713, La.App. 3 Cir., 1965; Reynolds v. Hardware Mutual Casualty Co., 178 So.2d 412, La.App. 1 Cir., 1965; and Benoit v. Vincent, 132 So.2d 75, La.App. 3 Cir., 1961.
Concededl'y, the defendant in this case was operating his vehicle in a reasonable and purdent manner even in view of the inclement weather conditions. Under these circumstances, we are therefore satisfied that in observing the Cabe vehicle as it entered the intersection and at once swerving his car to the right in an effort to avoid a collision, Mr. Hale acted as a prudent man and that his actions certainly meet the standard of reasonable care required of favored motorists under the law of this state. We are strongly of the opinion that the defendant should not have been required to exercise an extraordinary degree of care, for, as indicated in Gautreaux v. Southern Farm Bureau Casualty Co., 83 So.2d 667, La.App. 1 Cir., 1955,
“In the everyday world, ordinarily prudent motorists on the main thoroughfare do not slow before each corner and attempt to peer down the side streets, but instead concentrate most of their attention on the path ahead, relying on their legal ‘right of way’. Legislative provisions for right of way are to facilitate the passage of traffic in this congested twentieth century world. If to accomplish this purpose, and in realization that even observing the path ahead may tax the ordinary motorists’ powers of sustained observation, the legislature has relieved the motorist on the right of way street of a duty ordinarily to show before each intersection (and, consequently, of a duty to take his attention from the path ahead by darting glances each way down the intersecting streets), appellate courts should *324 not supply artificial standards in an unrealistic attempt to allocate damages after an accident has occurred.”
For the foregoing reasons, the judgment of the district court is reversed and the plaintiff’s suit is dismissed, all costs to be borne by the plaintiff.
Reversed.
On Application for Rehearing.
En Banc. Rehearing denied.